**Johnny L. BRANTLEY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

Nos. 01–3090, 02–3635.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 30, 2002.*

Decided Jan. 14, 2003.

Rehearing and Rehearing en banc Denied Feb. 26, 2003.

Before EASTERBROOK, MANION and EVANS, Circuit Judges.

* This successive appeal has been submitted to the panel that heard the prior appeal. See Operating Procedure 6(b). After an examination of the briefs and the record, we have

## Order

After we affirmed Brantley's conviction for conspiring to distribute cocaine, see *United States v. Brantley,* No. 99–3062, 215 F.3d 1330 (7th Cir. Apr.14, 2000) (unpublished order), he filed a collateral attack under 28 U.S.C. § 2255 contending that Erich Straub, his attorney, had furnished ineffective assistance. The district judge denied the petition but issued a certificate of appealability.

In the district court Brantley contested several of Straub's decisions. On appeal the challenge has been whittled down to a single claim: that counsel's failure to ask the district judge to delay the trial so that he could obtain some newly discovered law-enforcement records about the witness Tammy Pierquet, was deficient. He asks us to disregard everything else Straub did in the case–including an effort to use the delayed disclosure to keep Pierquet off the stand altogether. This sort of argument has no prospect of success, for the adequacy of counsel's assistance depends on the entire course of representation, not on a single decision that with the aid of hindsight may be depicted as mistaken. See *Holman v. Gilmore,* 126 F.3d 876, 881 (7th Cir.1997).

Counsel furnished Brantley with a vigorous and generally successful defense. He took Brantley through two trials, securing acquittals on the most serious charges and a hung jury that required a second trial, and offered a zealous defense throughout. Counsel also may well have had strategic reasons not to ask for the file in question, first because delay may have helped the government locate a missing witness, and second because the less information counsel possessed the more convincing was his

concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

claim that because of the prosecutor's actions Pierquet should be forbidden to testify. What is more, Brantley himself wanted the trial to keep moving, and such a strategic choice (which accorded with counsel's view) is essentially impossible to second-guess. See *Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The record in this case shows well-prepared, diligent defense work; it is the antithesis of ineffective assistance.

AFFIRMED